JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7741-GHK (VBKx) (BC400017) | Date | January 20, 2009 |
|---|---|---|---|
| Title | *Daryvyth Oum v. Rite Aid Corp.* | | |

| Presiding: The Honorable | GEORGE H. KING, U. S. DISTRICT JUDGE | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   (In Chambers) Order re: Plaintiff's Motion to Remand

　　　This matter is before the Court on Plaintiff Daryvyth Oum's ("Plaintiff") Motion to Remand ("Motion"). We have considered the papers filed in support of and opposition to this Motion, and deem this matter appropriate for resolution without oral argument. L.R. 7-15. Accordingly we rule as follows:

**I.     Legal Standard**

　　　While the present Motion may present knotty procedural rules that can become quite complex, for our purposes we will look to Fed. R. Civ. P. 20(a) and 28 U.S.C. § 1447(e) ("§ 1447(e)") to determine whether remand is appropriate.[1]   Rule 20(a) imposes two requirements for the permissive joinder of a party: (1) a right to relief must be asserted against each defendant relating to or arising out of the same transaction or occurrence or series of transactions or occurrences, and (2) some question of law or fact common to all parties must arise in the action. *See* Fed. R. Civ. P. 20(a); *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980). Courts have also ruled that a diversity destroying amendment, whether or not filed during the permissive period provided under Fed. R. Civ. P. 15(a), should be considered under 28 U.S.C. § 1447(e), which states: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." *See e.g. Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1081 (C.D. Cal. 1999).

　　　Under § 1447(e) we have considerable discretion to permit joinder of a defendant. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). While the statute gives us discretion

---

　　　[1] While the caselaw is not entirely clear as to whether we should consider the Motion and First Amended Complaint ("FAC") under Fed. R. Civ. P. 15(a) or § 1447(e), we need not resolve this issue at this time because we find that under either rule remand of this action is appropriate. Moreover, this case is unlike the cases cited by the parties because Plaintiff is not joining Defendant Nguyen as a new party. In the FAC, only the claim filed against Nguyen has changed.

| CV-90 (06/04) | **CIVIL MINUTES - GENERAL** | Page 1 of 3 |
|---|---|---|

JS-6
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7741-GHK (VBKx) (BC400017) | Date | January 20, 2009 |
|---|---|---|---|
| Title | *Daryvyth Oum v. Rite Aid Corp.* | | |

to deny joinder and remand to state court, no standards are provided in the statute to guide the exercise of this discretion. *Id.* There are a variety of factors courts have considered while exercising their discretion under § 1447(e), including: (1) whether the party sought to be joined is needed for just adjudication and would be joined under FRCP 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant should the court deny joinder; (3) whether there has been unexplained delay in seeking the joinder; (4) whether the joinder is solely for the purpose of defeating federal jurisdiction; and (5) whether the claim against the new party seems valid. *See Clinco*, 41 F. Supp. 2d at 1081; *see also* Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial, ¶ 2:1078 (2005) (citing cases applying various factors). Other factors discussed in *Desert Empire* include; (6) the possible prejudice that may result to any of the parties in the litigation; (7) the closeness of the relationship between the new and the old parties; (8) the effect of an amendment on the court's jurisdiction; and (9) the new party's notice of the pending action. 623 F.2d at 1375.

**II.    Application**

   A.    Rule 20(a)

First, the Rule 20(a)(2) requirements are satisfied in this action. Defendants argue that the facts surrounding Defendant Rite Aid Corporation's ("Rite Aid") liability arise out of a different transaction or occurrence than the claim against Nguyen. However, each Defendant's liability arises out of many of the same facts. Plaintiff alleges that when she worked at Rite Aid as an assistant pharmacist, she was viewed as a valuable employee who received positive reviews. Her supervisor at this time was Nguyen. Plaintiff claims that on March 14, 2008, she complained to Nguyen that Rite Aid failed to provide her with regular and/or uninterrupted meal and rest breaks. Rather than addressing the meal and/or rest breaks, Defendants allegedly harassed and retaliated against Plaintiff. Nguyen allegedly scheduled Plaintiff on days Nguyen knew she could not work, began cutting Plaintiff's hours, and accused her of mishandling a prescription. The accusation regarding the mishandling of a prescription escalated until Plaintiff was allegedly sent home for violating the Health Insurance Portability and Accountability Act. Plaintiff was then fired. Afterwards, Plaintiff alleges that Nguyen, with malice, told third parties that Plaintiff was a problem employee who didn't like to work with others, that she causes trouble at work, and that she is too lazy to work. Plaintiff also alleges that Nguyen told the third parties that Plaintiff illegally accessed patient records.

Whether or not the statements Nguyen made are false will necessarily depend on the same facts and circumstances that led to Plaintiff's termination by Rite Aid. Because Plaintiff claims that the negative reviews and poor performance issues were fabricated against her in order to terminate her, whether or not those situations were in fact true requires the same factual investigation as would be required to determine whether Nguyen's statements to third parties were actually false. Therefore, under Rule 20(a), both Rite Aid and Nguyen may be joined as defendants and sued severally because their liability arises out of the same transaction or occurrence. Similarly, there are questions of fact common to both Defendants, specifically whether or not the reasons given for Plaintiff's termination were true or false.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7741-GHK (VBKx) (BC400017) | Date | January 20, 2009 |
|---|---|---|---|
| Title | *Daryvyth Oum v. Rite Aid Corp.* | | |

B. § 1447(e) Applied

Here, the various § 1447(e) factors work both for, and against, granting the Motion. Factors urging us to sever Nguyen's claim under Rule 21(a) include: (1) Nguyen would not be an indispensable party under Rule 19(a); (2) it appears that the statute of limitations would not bar Plaintiff from bringing the slander claim in state court because the statements were allegedly made around April 2008; and (3) that we would lose jurisdiction to hear the case were we to grant the motion.

On the other hand, many more factors work in favor of granting the Motion. These factors include: (1) there has not been unexplained delay in bringing the motion. Plaintiff amended the FAC within the time allowed by Rule 15(a); (2) we cannot definitively say that the FAC is solely for the purpose of defeating diversity jurisdiction, especially where Plaintiff had alleged two claims against Nguyen in the Complaint before this action was even removed; (3) on its face, the slander claim seems valid; (4) neither party will be prejudiced by having the case heard in state court, given the timeliness of the motion to amend; (5) there is a closeness in relationship between Rite Aid and Nguyen because Nguyen is a supervisor at Rite Aid; and (6) Nguyen has had notice of the pending action, given that he was a Defendant in this action when the case was filed in state court.

In sum, all of the factors discussed above are used to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness. *Desert Empire*, 623 F.2d at 1375. Because most of the factors urge us to accept the FAC, and because we find that the principles of fundamental fairness urge us to do the same, we exercise our discretion and **GRANT** Plaintiff's Motion, and deny Rite Aid's request to sever the slander claim against Nguyen. Justice and fundamental fairness would be disserved were we to require parallel and overlapping actions in state and federal courts.

**III. Conclusion**

For the foregoing reasons we **GRANT** Plaintiff's Motion to Remand. Accordingly, this case is remanded to the state court from whence it was removed.

**IT IS SO ORDERED.**

| | : | |
|---|---|---|
| Initials of Deputy Clerk | IR for Bea | |